UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH FROTHINGER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RIVER CITY MEDICAL GROUP,<br><br>　　　　　　Defendant. | No. 2:14-cv-01179-MCE-AC<br><br><br>FINDINGS & RECOMMENDATIONS |

A recent court order was served on plaintiff's address of record and returned by the postal service. It appears that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. More than sixty-three days have passed since the court order was returned by the postal service and plaintiff has failed to notify the Court of a current address.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Before dismissing a case however, a court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

1

on their merits; and (5) the availability of less drastic alternatives. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). On balance the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's failure to respond to this Court's order strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The third factor, which considers prejudice to a defendant, should also be given some weight. See Ferdik, 963 F.2d at 1262. By naming defendant in a lawsuit that has been effectively abandoned, plaintiff has prevented defendant from resolving this case on the merits. The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. The Court has already pursued remedies less drastic than a recommendation of dismissal, including providing plaintiff with more than sixty-three days to file a change of address form. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to prosecute. See Local Rule 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2